**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VIVIAN JANET BOWMAN,                          Case No. 1:14-cv-702

      Plaintiff,

                                           Dlott, J.

      v.                                        Bowman, M.J.

HAMILTON COUNTY DEPT. OF
JOBS AND FAMILY SERVICES, et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

On September 4, 2014, the Clerk of Court received a copy of a complaint filed by Plaintiff *pro se*, together with a request for leave to proceed *in forma pauperis*.  For the reasons discussed below, the undersigned recommends that her complaint be dismissed with prejudice and that this case be closed.

**I.  General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's complaint is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or

arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).  Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not

contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

Applying the relevant screening standards, the undersigned recommends that Plaintiff's complaint be dismissed in its entirety for lack of jurisdiction, and because it fails to state a claim against either Defendant upon which relief may be granted.

### A. Allegations of Complaint

Plaintiff alleges that she is a 69 year old single woman, and that she receives social security income as a result of the death of her former husband, Robert Bob Earl Cortellessa. She further alleges that she receives health insurance through Medicare. (Doc. 1-1 at 6). Plaintiff represents that up until June 3, 2014, she received a social security benefit of $746.00, which sum was not reduced by a health insurance premium because she receives "QMB."[1]

Beginning in July 2014, Plaintiff complains that the Cincinnati, Ohio Social Security office began making deductions from her monthly benefits, totaling $419.90 over a three month period leading up to the date she filed her complaint. Specifically, she complains that in early July 2014, the sum of $209.90 was deducted; in August 2014, the sum of $104.00 was deducted; and on September 3, 2014, the sum of

---

[1]Plaintiff's reference appears to be to the Qualified Medical Beneficiary program, designed for low income individuals living below the poverty line. Under the Medicare QMB program, the state ordinarily pays Medicare premiums, coinsurance and deductibles.

$105.00 was deducted from her benefits.  (Doc. 1-1 at 7).  According to one of several form letters attached to the complaint as Exhibits, Plaintiff was informed that after May 2014, the "State of Kentucky will no longer pay your Medicare Part B (medical insurance) premiums."  (Doc. 1-1 at 12).

Plaintiff asserts that she "constantly" has visited her local social security office to complain that no deductions for her health insurance premium should have been made, in light of the fact that she is enrolled in the QMB program.  Plaintiff alleges that neither the "Social Security person" she has spoken with nor workers at the Hamilton County, Ohio Dept. of Job and Family Services have been helpful to her in resolving this dispute, which she characterizes as "fraud" and theft on the part of the Defendants who have "stolen" her rightful benefits by making deductions for health insurance premiums. (Doc. 1-1 at 7-8).  Plaintiff has named two Defendants:  the Hamilton County, Ohio Department of Jobs and Family Services (ODJFS), and the "Ohio Office of Social Security."  The ODJFS apparently informed her that her address had not yet been updated from Kentucky to Ohio, but Plaintiff asserts that was "LIAR WORDS" [sic] because she confirmed that her address had in fact been updated as of December 2013.  (*Id.* at 8).   She asserts that the deductions amount to "elder abuse" as well as fraud, and asks this Court to correct her payment and to "stop the corruption." (*Id.* at 9).

### B.  Lack of Federal Jurisdiction

Plaintiff bears the burden of proving subject matter jurisdiction.  *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006) (citing *United States ex rel. McKenzie v. BellSouth Telecommunications*, Inc., 123 F.3d 935, 938 (6th Cir. 1997)). On a civil cover sheet attached to the complaint, Plaintiff has checked "U.S.

Government" as a "Plaintiff" as the basis for jurisdiction.  That designation is incorrect. While Plaintiff identifies the Ohio "Office of Social Security" as a Defendant, neither the United States nor any of its agencies is a named Plaintiff.

The complaint form completed by Plaintiff required her to check off the box or boxes that describe the basis for federal subject matter jurisdiction.  Plaintiff marked two boxes:  (1) jurisdiction under 28 U.S.C. §1343(3), "[a] civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution;" and, (2) jurisdiction under 28 U.S.C. §`1331, "[a] lawsuit 'arising under the Constitution, laws or treaties of the United States.'"  As a third basis for subject matter jurisdiction, Plaintiff wrote in: "Corruption Fraud of federal office & a Ohio state office that is linked to federal office" [sic].  (Doc. 1-1 at 2).  Based upon Plaintiff's claimed bases for jurisdiction, the Clerk of Court docketed the action as one alleging personal injury and asserting "federal question" jurisdiction.

None of the asserted grounds provide any basis for federal jurisdiction in this case. Essentially, Plaintiff seeks to recover money that she claims was and/or continues to be improperly deducted from her monthly benefits check for Medicare premiums. However, no action can be brought against the Social Security Administration absent exhaustion of administrative remedies.  Merely stating that she has appeared and made unsuccessful verbal attempts to resolve the issue is not sufficient proof that Plaintiff has administratively exhausted her claims.  Instead, she is entitled to bring suit in this Court only to challenge a specific agency decision.  *See generally, Spagnolo v. U.S. Soc. Sec. Admin.*, 2011 WL 4433094 at *3 (D. Hawaii Aug. 30, 2011)(dismissing similar suit for failure to exhaust); *Vaughn v. Soc. Sec. Admin*, Case No. 1:05-cv-1015-JMM (N.D.

Ohio, June 15, 2005, Memorandum Opinion dismissing similar claim of inappropriate deductions from social security benefits pursuant to 28 U.S.C. §1915(e)).

### C. Failure to State a Claim

Alternatively, the undersigned would recommend dismissal based upon Plaintiff's failure to state a claim against either Defendant. Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief."     Fed. R. Civ. P. 8(a)(2).  However, in recent years, the Supreme Court has brought greater focus to that pleading standard, holding first in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007) that the "famous" no-set-of-facts formulation "has earned its retirement" and instituting a new standard that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974.  In *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Under *Iqbal,* a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations.  *Id.*  The first step is to identify the elements of the plaintiff's claim, in order to determine which allegations are mere legal conclusions, as opposed to factual allegations entitled to the "assumption of truth." *Id.* at 1951 ("We begin...by identifying the allegations in the complaint that are not entitled to the assumption of truth").  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of

6

the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965.  The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998)(internal quotation marks and additional citation omitted).

None of Plaintiff's allegations survive the *Twombly* and *Iqbal* pleading standards. Plaintiff has failed to state any claim against either Defendant, even when all allegations are construed in the light most favorable to Plaintiff.  *Pro se* complaints are held to a less rigorous standard than those drafted by attorneys, but the court is not required to discover or create a claim that is not pleaded.  *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011); *see also Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975).  A plaintiff is still required to plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

Plaintiff's assertions of theft and/or fraud on the part of the state and federal agencies do not rise to more than an unadorned accusation, and do not suffice to state any federally cognizable claim against either agency.

Plaintiff also has failed to articulate any type of civil rights claim, either under 42 U.S.C. § 1983 or under the doctrine announced in *Bivens*.  The State of Ohio (and any individuals named in their official capacities) likely would be entitled to sovereign immunity for any claim for monetary damages.  *See generally Will v. Michigan Dep't of State Police,* 109 S. Ct. 2304 (1989).  That holds true for the Hamilton County, Ohio Department of Jobs and Family Services as well.  *See Cady v. Arenac County*, 574

F.3d 334, 352 (6th Cir. 2009)(Eleventh Amendment immunity bars §1983 suits against a state, its agencies, and its officials sued in their official capacities).

Similarly, Plaintiff has failed to state a claim against the local office of the Social Security Administration under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim may not be stated against a federal agency itself. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994). The Federal Torts Claim Act (FTCA) contains a general waiver of sovereign immunity that permits suit against an agency in some circumstances, but only where the Plaintiff has named the United States as the proper defendant and has exhausted her administrative remedies by filing an administrative claim under the FTCA prior to filing a federal lawsuit. Plaintiff has not done so here, and a failure to do so "results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).

In short, the allegations presented by Plaintiff fail to state a claim. To the extent that the allegations are liberally read, they concern matters over which this Court has no jurisdiction.

### III. Conclusion and Recommendation

For the reasons stated, because this Court lacks jurisdiction over the construed complaint and because Plaintiff fails to state a claim against either Defendant, IT IS RECOMMENDED THAT this case be dismissed with prejudice and closed, pursuant to 28 U.S.C. §1915(e).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VIVIAN JANET BOWMAN,                                          Case No. 1:14-cv-702

      Plaintiff,

                                                    Dlott, J.

         v.                                                           Bowman, M.J.

HAMILTON COUNTY DEPT. OF
JOBS AND FAMILY SERVICES, et al.,

      Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9